574

[Civ. No. 8947. Second Appellate District, Division Two.—January 15, 1935.]

ROBERT S. McKEON, Appellant, v. SANTA BARBARA POLO CLUB (a Corporation), Respondent.

Neil S. McCarthy, Earl L. Banta and Howard P. Hall for Appellant.

Heaney, Price & Postel and Kenneth W. Watters, Jr., for Respondent.

SCOTT, J., *pro tem.*—Plaintiff's assignors, one Boeseke and wife, owned certain real property which was used as a polo field by defendant for five years. ▆ This action

was brought to recover the reasonable value of the use and occupancy of the property. The trial court found that "the entry upon and the possession of said premises by said defendant . . . was by and under the license of the plaintiff's assignors and by and with their knowledge, consent, acquiescence, permission and invitation without any obligation, agreement, condition or provision for any payment by the defendant to the plaintiff and/or plaintiff's assignors of any sum whatsoever for such entry and/or use and/or occupation". From judgment for defendant this appeal is taken.

There was no evidence of a written lease or other contract for payment of rent, nor is it contended that any representative or agent of defendant orally promised to pay for the use of said land. Appellant contends that an implied agreement to pay arose from the fact of such use by respondent, and that in the absence of affirmative proof of an agreement that the land was to be used without cost to respondent, the latter is liable for its reasonable value.

The circumstances admitted in evidence, however, are such that the lower court could properly make the finding above quoted, and the findings are sufficient to support the judgment. Boeseke was a polo enthusiast and a director of respondent corporation. Costly stables were erected upon his land at respondent's expense for use by local and visiting teams. The conduct of all parties indicated definitely that they understood the land was to be used by respondent without cost, in the interest of good sportsmanship, unless at some time it were to be purchased outright. Boeseke consented to respondent "going into occupation of this property when they first went on it", and said that neither then nor later was there any agreement as to rent. He made no demand for payment of rent during the period of time that the land was so used by respondent, although he supervised the building of the stables and participated actively in the affairs of the club.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.